BLANCHARD *et al.*, Respondents, v. BAKER *et al.*, Appellants.

1. A. conveyed certain real estate to B. in trust to secure a debt due C. Afterwards D. obtained a judgment against A. and the interest of A. in said real estate was levied on and sold under the judgment, and D. became the purchaser. Previous to this purchase the trust debt had been satisfied. The trustee (B.) afterwards sold said real estate under the deed of trust and C. became the purchaser. *Held*, that D. was entitled to a decree of title against C.
2. Under executions issued upon judgments of the Weston court of common pleas, the marshal of the city of Weston may levy upon and sell real estate. He may make such sale in the city of Weston, where the court is held. (Sess. Acts, 1851, p. 203.)

\*Appeal from Buchanan Circuit Court.*

The following is the finding of the facts by the court: "Now at this day this cause came on to be heard by the court on the pleadings, exhibits and proofs, and the court, being sufficiently advised, doth find that the debt due by the McDonalds and Adams to Robert Campbell, one of the defendants, to secure which the deed of trust of Thomas D. S. McDonald and wife to Elijah Cody, Alfred H. Foster and John T. Baker prayed to be set aside was executed, was satisfied by Adams before the sale of property in said deed mentioned was made by the trustees, at which sale E. W. Railey became the purchaser, and not complying with the sale, Robert Campbell, the defendant, was substituted to the right of said Railey under such purchase. The court further finds that the plaintiffs, after said debt was satisfied, became the purchasers at marshal's sale under execution from the Weston court of common pleas, and have obtained a deed to said property from the marshal of said court. It is therefore ad-

judged, ordered and decreed that the deed of trust of said McDonald and wife to said Cody and others as trustees be cancelled and set aside, and that the deeds made by said trustees to E. W. Railey and by said Railey to Campbell be also set aside, and that the title to the lots in said deed of trust mentioned, to-wit, lot No. 13 and part of lot No. 10, in block No. 52, in the town of Weston, county of ————, state of Missouri, be vested in the plaintiffs; to have and to hold the same against the said defendants herein; and that the plaintiffs recover possession of said property, and their costs in this suit expended, for which possession and costs the plaintiffs may have execution," &c.

*Hall & Loan*, for appellants.

I. The finding of the facts by the court is defective and insufficient. (17 Mo. 553; 21 Mo. 140; 19 Mo. 123.) There are only three facts found—that the debt of $3,510 due to Campbell was *satisfied* prior to the sale by the trustees under the deed of trust—that the plaintiffs, after the debt was satisfied, became the purchasers of the property at marshal's sale under execution from the Weston court of common pleas—that they have obtained a deed therefor from the marshal of said court. These are not the facts put in issue by the pleadings. The petition substantially charges that plaintiffs acquired the title of the McDonalds to the land mentioned in the petition. This fact the court failed to find; it is therefore to be considered as negatived. (Bates v. Bower, 17 Mo. 553.) There is also a failure to find the facts, the judgments, levies and sale, &c., upon which this ultimate fact rests. It says the debt was "satisfied." The question of payment is not touched. The facts showing a satisfaction are not found. (19 Mo. 123; 21 Mo. 140; 18 Mo. 110.) The court failed to declare the law upon the facts found. (17 Mo. 533; 15 Mo. 402; 22 Mo. 577; 28 Mo. 486.) Upon the facts found the judgment should have been for the defendants. The deed of the marshal was void. There was no law authorizing him to make such deed. The sale was made

in the town of Weston, when by law it should have been made at the court-house at the county seat of Platte county. It was not made whilst the circuit court was in session as required by law. (18 Mo. 580.) The court erred in admitting the deed in evidence. (Sess. Acts, 1851, p. 203.)

*Ryland & Son* and *Burnes*, for respondents.

I. The finding supports the judgment. (17 Mo. 158, 550; 19 Mo. 325.) If the court failed to find a material fact, the defendants should have moved for a review. The court found the main fact, the payment to Campbell of the debt due him. The marshal's deed was properly received. (4 Monr. 319; 2 Monr. 202; 3 Mon. 339.) The Weston court has jurisdiction coextensive in all civil cases with the circuit court within the territory over which its jurisdiction extends.

EWING, Judge, delivered the opinion of the court.

This action was commenced under the practice act of 1849, and was tried by the court. The facts were found by the court, and judgment entered upon the finding; but there was no motion for a review in the court below. The only question therefore for our consideration is whether the finding supports the judgment.

The respondents, plaintiffs below, were judgment creditors of D. & T. D. S. McDonald, and in 1854 obtained judgments for various large sums, in the Weston common pleas court, against said McDonalds; upon which executions were issued and levied on certain real estate, town lots in Weston, as their property, which was sold by the marshal of the common pleas court. At the sale the respondents became the purchasers for the sum of forty dollars. It further appears from the petition, that, previously to the rendition of said judgments, to-wit, in June, 1853, the said T. D. S. McDonald conveyed to two of the defendants, Cody, Foster, and another since deceased, the same lots which were sold to the plaintiffs at the marshal's sale, in trust to secure Robert Campbell,

another defendant, who was also a party, the payment of a note given by the firm of McDonald & Adams for $3,510.09, dated June 15, 1853, due at six months. It is also alleged that said sum of money and interest has been fully paid, and that said property is not released, but continued apparently in force, and so insisted to be by Campbell and McDonald for the purpose of protecting said real estate from McDonald's creditors; that defendant Baker is in possession of said real estate as Campbell's tenant. It is also alleged that the trustees in said deed of trust, at Campbell's request, in September, 1854, offered for sale said real estate, and it was sold to one E. W. Railey for $1,900; that he refused to take the same on account of some objection to the title, and, by some means unknown to plaintiffs, Campbell was substituted as the purchaser, and a deed made to him by the trustees; that nothing was paid by Campbell for the property, the amount being allowed as a credit on said note, which Campbell knew had been fully paid, and that said trustees had no right to sell. The petition asks that the trustees be compelled to release said real estate from the operation of said deed of trust; that the sale be set aside, and the conveyance made in pursuance thereof be cancelled, and that the title to the real estate be vested in plaintiffs and for possession. Campbell and Cody answer, denying that the balance of said note of McDonald and Adams to Campbell (which was for $3,510) was ever paid otherwise than by the sale of the trust property to the defendant; aver that there was a balance of $1,885.59, for the payment of which the trust property was sold; and that one E. W. Railey bought the same for $1,900, and, not being able to pay that amount, he sold by quit-claim deed to defendant Campbell; that there is yet a balance due defendant, the $1,900 being insufficient, after deducting expenses, to pay all of said balances. Defendant is willing to convey said property to any of McDonald's creditors who will pay the balance due by said note, interest and costs.

The court found that the debt of McDonald and Adams to Campbell, one of the defendants, which the deed of trust

of T. D. S. McDonald and wife to Cody, Foster and Baker prayed to be set aside was executed [to secure], was satisfied by Adams before the sale of the property in said deed mentioned was made by the trustees; at which sale E. W. Railey became the purchaser, and, not complying with the sale, Robert Campbell, the defendant, was substituted to the right of said Railey; that the plaintiffs, after said debt was satisfied, became the purchasers at marshal's sale under execution from the Weston court of common pleas, and have obtained a deed to said property from the marshal of said court.

The judgment is that the deed of trust of McDonald and wife to Cody and others as trustees be cancelled and set aside, and that the deeds made by said trustees to E. W. Railey and by said Railey to Campbell be also set aside, and that the title to the lots in said deed of trust mentioned be vested in the plaintiffs; for possession, &c.

As already observed, we have nothing to do with the inquiry, whether all the facts in issue are found by the court, or whether those found were warranted by the evidence— the only question before us being whether the judgment is supported by the finding. The material fact in the case evidently is, whether, at the time of the sale of the property in controversy by the trustees, Campbell had a subsisting lien upon it by virtue of the deed of trust; or, in other words, whether before that time his debt had been paid or satisfied. It is true, the allegation of the petition is that the debt was fully paid, which is denied by the answer; and the court finds that the debt was *satisfied* prior to the sale under the deed of trust. The legal effect of a satisfaction was the same as a payment; it was a discharge of the property from the operation of the deed of trust; and, if so, a sale of the property under the execution and a conveyance passed to the respondents the title of McDonald, if the marshal had any authority to sell real estate and execute deeds therefor. That there was a failure to find specifically the facts of a judgment and levy can not now be inquired into—there having been no motion for a review—except as they may be involved in

29—VOL. XXIX.

determining whether the conclusion of the court from the facts found was warranted notwithstanding this omission.

Among the facts found is that the plaintiffs became the purchasers at the marshal's sale, and obtained a deed from the marshal for the property sold. Now, if the marshal was authorized to make a deed to real estate sold by him under execution, we are of opinion the facts omitted in the finding were not necessary to the judgment pronounced by the court.

Referring to the act to establish the Weston court of common Pleas, (Sess. Acts, 1851, p. 203,) we find ample authority given to the marshal for that purpose. In regard to the jurisdiction of the court, the tenth section of the act provides as follows: " First, concurrent original jurisdiction with the circuit court of Platte county in all civil actions where the defendant resides and the process is served within the corporate limits of said city; and like concurrent jurisdiction with the said circuit court in all civil cases where the defendant does not reside in said county of Platte and the process is served within the corporate limits of the city; like concurrent jurisdiction with said circuit court in all suits against boats and vessels moored opposite said city, in the Missouri river. Concurrent superintending control with circuit court over justices of the peace within the city in civil cases, and appellate jurisdiction from their judgments in similar cases," &c.; and it has also jurisdiction under certain restrictions where the defendants reside anywhere in the county. "The practice, powers and proceedings shall be the same in all respects as is or may be provided by law for the government of the circuit court except as herein specially provided." (Sec. 15.) The twenty-second section enacts that the judge of said court shall hold three regular terms of his court in each year, the time of which shall be fixed by and determined by the judge; and he may appoint and hold special terms of his court in the same manner as is or may be required by law in the circuit court; and the next section declares that executions issued from said court on judgments therein rendered shall be made returnable at the succeeding term there-

after unless the plaintiff, or the person to whose use the suit may be brought, shall otherwise direct; then it shall be made returnable at the succeeding term thereafter, at the option of the plaintiff or person having control of said judgment. The only other provision of the act, that need be referred to, is that making it the duty of the marshal of the city of Weston, or his deputy, to attend said court, and execute all process issued by the court, judge or clerk thereof. These several provisions taken together clearly enough show the authority of the marshal to sell real estate at the place of holding said court and to execute deeds to the purchaser. This, we think, is further evident from a moment's reflection, especially on the twenty-second and twenty-seventh sections. By the general law in force when this act was passed, there were two terms of the circuit court held in each year. The act in question (22d section) provides for three terms of the common pleas court, and allows the judge to fix the times of holding them; which of course he may do without any reference to the terms of the circuit court. Another provision (27th section) says, that executions shall be returnable at the next succeeding term after they are issued, unless the plaintiff shall otherwise direct. How, then, are these provisions to have their proper effect unless the marshal, whose duty it is to execute all process, has authority to sell real estate under execution?

The judgment is affirmed; the other judges concurring.