Mers v. Bell.

*Appeal from Third District Court.*

*McAfee & Phelps*, for appellant.

*Johnson & Budd*, for respondents.

———————•———————

F. D. MERS, Defendant in Error, *v.* A. J. BELL, Plaintiff in Error.

1. *Sales — Sheriff's, at Circuit Court-house door, during session, are valid, etc.*— Judgment was obtained in the Common Pleas Court of Cass county, while in session at Pleasant Hill, and execution was issued therefrom. But the sale by the sheriff was made at the court-house door of the Circuit Court, at Harrisonville, the county seat, during a term of the Circuit Court, and not at the place where the Common Pleas Court was held, nor during a session thereof: *Held,* that, under the statute concerning judicial sales (Wagn. Stat. 609, § 42), such sale was valid.

*Error to First District Court.*

*Johnson,* and *Budd,* for plaintiff in error.

The sale should have been made at Pleasant Hill, where the court out of which the execution issued was held, and during the

session thereof. (Blanchard v. Baker, 29 Mo. 441 ; Sess. Acts 1851, p. 203 ; Sess. Acts 1867, p. 85.)

*H. H. Harding*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The origin of this cause was a motion to set aside a sale made under execution issued out of the Common Pleas Court of Cass county, upon a judgment obtained while sitting at Pleasant Hill. The sale was made by the sheriff, at the court-house door, at Harrisonville, the county seat, during a term of the Circuit Court, and not at the place where the Common Pleas was held, or during a session thereof.

The motion was sustained and the sale set aside on the ground that the sale should have been made at the place where the court out of which the execution issued was held, and during its session. This ruling of the Common Pleas Court was affirmed, on appeal, in the Circuit Court, but the judgment of the Circuit Court was reversed in the District Court. It will be perceived, therefore, that there is but one question in the record, and that is whether the sale made by the sheriff at the court-house door, whilst the Circuit Court was in session, was valid.

The act establishing the Court of Common Pleas in Cass county provides that it shall hold four terms a year — two at the county seat of the county, and two at the town of Pleasant Hill; and it declares that judgments rendered by said Common Pleas Court shall be liens on all real estate situated in said Cass county, and with like effect as judgments of the Circuit Court, and shall be proceeded upon to execution and sale in the same manner as is prescribed by law for judgments in the Circuit Court. The act further makes it the duty of the clerk of the Common Pleas Court, after the adjournment of each term, to enter upon the records of the Circuit Court a list of all judgments rendered at such term. The sheriff of the county is the officer provided to attend the sittings of the Common Pleas Court, and to execute its process. (See Acts 1867, pp. 86-7.)

No provision is anywhere made in the act organizing and

establishing the court for the sale of real estate, as to where or when, or at what particular time or place, the sale shall take place. The only direct reference to the subject is the seventh section, where it is said that the judgments of the Common Pleas Court shall be proceeded upon to execution and sale in the same manner as is prescribed by law for judgments in the Circuit Court. Now, the statute provides that when real estate shall be taken in execution by any officer, it shall be his duty to expose the same to sale at the court-house door, on some day during the term of the Circuit Court of the county where the same is situated. (1 Wagn. Stat. 609, § 42.) This is the general rule, and is founded in justice and wisdom. The sessions of the Circuit Court attract people from all parts of the county, and sales at the court-house whilst that court is holding its term, conduces to competition in bidders.

The people know that sheriffs' sales generally take place at the court-house during the sessions of the Circuit Court, and they go there at that time for the purpose of seeing what property is to be sold, and to make purchases. Again, they look for the advertisements and notices of sale, when the sales are to take place at the court-house in term time, because they are expected; when a sale at another time, in a different town, before an inferior tribunal, would escape the observation of all except those who were specially interested.

Unless an express grant of power can be shown, or the implication is so strong that there can be no reasonable doubt entertained as to the intention, the general provision of the statute regarding judicial sales ought to be adhered to, and should not be modified or nullified by the courts. The language of the act declaring that sales should be made in the same manner as prescribed by law upon judgments in the Circuit Court, had, I think, direct reference, and was intended to make them conform in regard to time and place, to sales by sheriffs generally, when acting under executions.

The counsel for plaintiff in error have cited and rely upon the case of Blanchard v. Baker, 29 Mo. 441 ; but that case can not be held to be authority here. It was based upon a construction

of the act establishing the Weston Court of Common Pleas, which is totally dissimilar to the one we are now considering. I am of the opinion that the judgment of the District Court was correct, and should be affirmed.

Judgment affirmed. The other judges concur.