WILLIAM C. MITCHELL *et al.*, Respondents, *v.* JOHN P. JONES, Appellant.

1. *Partition — Sale — Infants — Gross inadequacy of price, even in absence of fraud, ground for setting aside sale.* — On a suit in partition, some of the parties to which were infants, sale was ordered of a tract of land worth $1,600, and an agent of one of the parties was engaged to be present and prevent a sacrifice of the property. By some accident this agent was prevented from attending, and the land was sold for $50. *Held,* that although no fraud in the purchase appeared, yet the inadequacy of price was so great as to shock the conscience; and, as infants were concerned, it was the duty of the court to set aside the sale.

2. *Infants — Partition — Guardian ad litem — Next friend.* — An infant can not bring a suit in partition by a next friend. The guardian, if there be one, must bring the suit; and if there be none, the court in which such suit is to be brought may, in term time, appoint a guardian *ad litem,* who shall have all the authority of a regular guardian in such case.

*Appeal from Chariton Circuit Court.*

*C. A. Winslow,* for appellant.

*G. D. Burgess,* for respondents.

ADAMS, Judge, delivered the opinion of the court.

This was a motion made by all the parties to a partition suit, to set aside the sale of the land and for a new order of sale. The facts, as they appear from the bill of exceptions, are that the land consisted of eighty acres, worth in cash $20 per acre, or $1,600; that on the day of sale one of the adult parties in interest had employed an agent to attend the sale to see that the land was not sacrificed; that this agent was detained by accident and did not reach the place till after the sale, and that appellant Jones bought the eighty-acre tract at the sum of $50.

There may not have been any actual fraud in the purchaser, but the inadequacy of price is so great in this case as to shock the conscience; and, as infants are concerned, it was the duty of the court to set aside the sale.

In looking into this record I discover an irregularity which has not been noticed by either party, which may have caused this great inadequacy of price. The record presents the anomaly of two infant plaintiffs suing by next friend for partition and sale of the land. This next friend was appointed by the clerk in vacation, as though it was an ordinary suit by infants. The partition law governs the case. That law authorizes the guardian, if there be any, to bring such suit; and if there be no regular guardian, then the court, in term time in which such suit is to be brought, may appoint a guardian, who shall have all the authority of a regular guardian in such cases. But I know of no statute or other law which authorizes a next friend to bring such suit.

The question, therefore, is, what ought to be done in this case? The court committed no error in setting aside the sale, and therefore its judgment as to that must be affirmed at the cost of the appellant Jones. But the judgment of partition must be reversed and the cause remanded, with directions to the court to dismiss the petition or permit the parties to have a guardian appointed by the court, and by such guardian to file an amended petition for partition, and proceed anew with the case. The other judges concur.