———o———

SARAH C. GOODE, *et. al.*, Defendant in Error, *vs.* JOHN T. CROW, *et. al.*, Plaintiff in Error.

1. *Partition Sale—Motion to set aside—Affidavit, etc.*—In proceeding on motion to set aside the sale of land in partition, the Circuit Court must be allowed to

exercise a sound discretion in regard to the sort of proofs to be used. And where they adopt the practice of allowing affidavits to be read *pro.* and *con.*, the Supreme Court will not interfere.

2. *Partition Sale—Reports as to time of sale—Motion to set aside sale, etc.—* Where bidders were kept away from a partition sale by rumors that the land would not be sold till the day following, and by reason thereof the land sold at greatly reduced rates, *Semble* that the sale ought to be set aside; and it is no matter how the reports got into circulation; whether by the agency of the purchasers or otherwise.

3. *Partition Sale—Minor heirs not brought in court—Sale set aside, etc.—*A partition sale may be set aside, where it appears that a portion of the minor heirs were not properly brought before the court.

### Error to the Franklin Circuit Court.

*Seay,* for Appellant, cited in argument Stewart vs. Severance, 43 Mo., 322; 1 Story's Eq. Jur., §§ 197, 199, 200 *a*; 3 Mo., 477; Story's Eq., § 197; 26 Mo., 398, 415; Lefevre vs. Laraway, 22 Barb., 171, 172.

*Henry Flannagan,* for Defendant in Error, cited Wooton vs. Hinkle, 20 Mo., 290; Blight's heirs vs. Tobin, 7 T. B. Monroe, 612; Mills vs. Rogers, 2 Little's (Ky.,) 217; Phipps vs. Stickney, 3 Met., (Mass.,) 384; Doolin vs. Marl, 6 Johnson's, 194.

ADAMS, Judge, delivered the opinion of the court.

This was a partition case in which a sale was made of the lands, and a motion filed by plaintiff to set aside the sale was resisted by the purchasers. The court upon the trial of the motion, set aside the sale, and the purchasers have brought the proceedings on the motion here by writ of error.

The record proper has not been brought up, but only the proceedings on the motion are before us. It appears from these proceedings, that the plaintiffs allege in their motion to set aside the sale, that many persons were prevented from attending the sale by reason of rumors in the country, that the sale would not take place on the day that it had been set for, but on the next day. And the motion charges the purchasers with putting these rumors in circulation, so as to purchase the lands at a reduced price; that bidders were kept away by these

rumors, and that the purchasers obtained the lands at ten times less than their value.

The motion also charges that several parties to the partition were infants, and were not properly before the court. That one of the defendants owning an interest in the land, was not properly notified, so as to be bound by the judgment. The court heard the motion on affidavit. The purchasers objected to the affidavits offered by plaintiffs, upon the alleged ground that they were taken by surprise by these affidavits not having been filed; but no motion was made when they were offered to postpone the case to another day in term or to the next term, and the purchasers then produced affidavits on their part.

The affidavits read by the plaintiffs tended to show the state of facts alleged in the motion in regard to the sale having been put off, etc., and the affidavits on the part of the purchasers conduced to show that they had not given circulation to the alleged rumors, but had tried to correct them.

There is no statute or other law governing the trials of such motions. They are summary proceedings, and the Circuit Court must be allowed to exercise a sound discretion in regard to the sort of proofs to be adduced upon the trial. Some of these courts have adopted the practice of allowing affidavits to be read, and we see no good reason to interfere with their discretion in this respect.

If the purchasers had applied for a postponement of the motion to another day or till the next term if necessary, in order to procure proof, a refusal to grant the request might have warranted an interference by this court, but no such application was made and the question does not arise.

In regard to the merits of this controversy, it may be remarked that in judicial sales it is the duty of the court to protect the interests of all parties. Where the sale is under execution, the interests of the creditor and debtor as well as purchaser must be looked after, and where the sale is in partition, all parties to the proceedings as well as the purchasers are entitled to the protection of the court.

In the case under consideration, it appears that rumors were

afloat in the country that the sale would not take place on the 12th, but on the 13th of the month, and that by such rumors, bidders were prevented from attending the sale. If bidders were kept away by these rumors, it is of no consequence how they got into circulation, whether by the act of the purchasers or otherwise.

It seems that the property was purchased at a greatly re-duced rate, and the presumption is, that those rumors caused the sacrifice. Besides, some of these parties are infants, and the motion alleges that they are not properly in court, and also, that one of the defendants was not properly notified.

- If this be true, it is of itself good ground for setting aside the sale. The purchasers no doubt, could have had the sale set aside on this ground, as they purchased with the under-standing that the whole title passed, and if they could set it aside for this reason, the plaintiffs ought also to be allowed the like privilege. How the record really is in regard to these parties, we cannot decide as it is not before us. The presump-tion is, that the decision of the Circuit Court is right, and the party objecting to it, must show to the contrary. It was the duty of the purchasers to see that the full record was brought here, as in its absence, we must infer what is necessary in order to sustain the judgment on the motion.

For these reasons, I think the judgment of the Circuit Court ought to be affirmed. Judgment affirmed. The other Judges concur.