———o———

MOSES L. JAMES AND JAMES W. RAY, *Ex parte.*

1. *Practice, civil—Parties—Substitution of—Responsibility of parties and their sureties—Judgment for costs against original party—Motion to quash execution, etc.*—The plain intent of the practice act (Wagn. Stat., 1872, p. 1050, § 9) is that, where a new party is substituted in lieu of the original party to a suit, the former becomes responsible for all costs, and the original party is discharged, and, in such case, it follows that his sureties are released with him. If the new party is irresponsible, the court should order him to give security. Judgment rendered for costs against the original party and his sureties, after such change, is a mere nullity, and may be set aside on motion, if made in time —without resorting to proceedings in equity.

2. *Execution for costs—Application to quash may be made, when.*—Application to quash an execution, issued on a judgment for costs, may be made to a judge in vacation.

3. *Execution for costs—Motion to quash—Judgment on, final, etc.*—A judgment rendered on a motion to quash an execution for costs is a final judgment from which an appeal will lie.

*Appeal from Caldwell Circuit Court.*

*H. J. Chapman,* for Appellant.

*Crosby Johnson,* for Respondent.

I. A motion to quash an execution will only lie for irregularity in the execution, or in the proceedings under it, and not for irregularity in the judgment. (Gaston vs. White, 46 Mo., 486; see also, Ellis vs. Jones, 51 Mo., 180; Hardin vs. Lee, 51 Mo., 241; Allen vs. Sales, 56 Mo., 28; Cabell vs. Grubbs, 48 Mo., 353.)

II. There was no final order or judgment in this proceeding from which an appeal could be taken. The proceedings on the execution were not put an end to by this order. (Hill vs. Young, 3 Mo., 337; George vs. Craig, 6 Mo., 648; Gale vs. Michie, 47 Mo., 326; Coleman vs. McAnulty, 16 Mo., 173; Union Bank vs. McWharters, 52 Mo., 34; Lenox vs. Clarke, 52 Mo., 115.)

NAPTON, Judge, delivered the opinion of the court.

This was a motion to quash an execution and to restrain the sheriff from selling property levied on under it, because the execution was based on a judgment which was of no validity.

The record is very imperfect; but there is enough to show the following state of facts:

In 1867, Charles Buster and Andrew J. McCollom instituted a suit against Merryweather Thompson, and various other defendants, the object of which does not appear, nor is it material. At the February term, 1870, the clerk of the court moved the court that security for costs should be given by the plaintiffs, and this motion was sustained. On the 24th day of August, 1870, the following bond was filed:

"In the Circuit Court of Caldwell county, Mo.

"Charles Buster and Andrew J. McCollom, plaintiffs, vs. M. J. Thompson and others, defendants.

"We the undersigned agree, bind and obligate ourselves to pay all costs which have accrued, or which may accrue, in the above entitled case. David Buster, M. L. James, James W. Ray, Randolph McDonald."

On the 28th of August, 1871, McCollom, one of the plaintiffs, filed a motion, that David Buster be substituted for him as plaintiff in said cause, alleging that he had sold out all his interest to said Buster in the controverted matter on the 27th day of February, 1872. The order on the record states that the parties appeared (in the case of Charles Buster & A. J. McCollom vs. Thompson and others) and the motion of A. J. McCollom to have David Buster substituted as plaintiff "in

lieu of Charles Buster and Andrew J. McCollom is submitted to."

An execution is then preserved in the bill of exceptions, dated 21st of March, 1873, which recites that on the 26th of February, 1873, a judgment was recovered against David Buster and his sureties for costs, to-wit: Moses L. James, James W. Ray and Randolph McDonald, for $123 95 for costs in said suit expended. The sheriff was therefore commanded that of the goods and chattels, lands and tenements of said Buster, James Ray and McDonald, the costs should be made, etc.

The return of the sheriff on the execution shows a levy on certain real estate of James & Ray.

The judgment on which this execution issued was as follows:

David Buster, plaintiff, vs. Thompson and others, defendants. Now, on this day, come into court the plaintiffs, by *their* attorneys, and take non-suit. It is therefore ordered by the court that the defendants go hence, etc., and recover of the plaintiffs and *their securities*, for costs, to-wit: Moses L. James, James W. Ray, etc., the costs herein expended, and that execution issue therefor.

It is stated in the briefs of counsel that, before this judgment was rendered, David Buster was dead, and his attorney entered a non-suit; but there is nothing in the record to show how the suit terminated; nor is it material to the decision of the points made in the motion.

It is clear that the judgment in this case was irregular, one which it is apparent from the record, the court had no power to make. On general principles, the sureties for plaintiff in the case of Chas. Buster and A. J. McCollom vs. Thompson and others cannot be regarded as sureties for David Buster in the case of David Buster vs. the same defendants. One might be willing to become surety for Chas. Buster and McCollom, who would not be willing to become so for David Buster; and generally, the liability of sureties is strictly confined within the fair bounds of the assumed obligation, and not

allowed to be extended beyond that. But on the same general principles, which we assume that no authorities are needed to sustain, the sureties might have been held bound for all the costs that had accrued in this case of Chas. Buster and McCollom vs. Thompson and others, had not our statute regulated this matter otherwise. The 9th section of the 10th article of the practice act, is as follows :

" Where an interest is transferred in any action now pending, or hereafter to be brought, other than that occasioned by death, marriage, or other disability of a party, the action shall be continued in the name of the original party, if the party to whom the transfer is made will indemnify the party in whose name the suit is to be continued against all costs and damages that may be occasioned thereby ; or the court may allow the person to whom the transfer is made to be substituted in the action, and in all such cases the party to whom the transfer is made shall be required by the court, upon application of the party who made the transfer, either to give such indemnity, or to cause himself to be substituted in the action ; and upon his omission to do so, the court shall order the suit to be dismissed."

This provision clearly implies that, upon a substitution of a new party, in place of the original party to a suit, the substituted party becomes responsible for all costs, and the original party is discharged. Of course, if the original party is discharged from liability, his sureties must be, and if the new or substituted party is irresponsible, the court should order him to give security.

The judgment therefore, on the non-suit, against David Buster and "*their securities*" when the record shows no securities given or asked for in behalf of David Buster, the substituted plaintiff—and the persons named were in fact sureties for Chas. Buster and McCollom, as appears on the record—was manifestly void.

It is objected, however, that on this motion to quash, the court cannot look beyond the execution, and certainly not beyond the judgment ; that a proceeding in equity, to set aside

the judgment, was necessary. But we think the sooner irregular proceedings are corrected in the court, and in the case where they occur, the more commendable will be the administration of justice.

The plaintiffs in the motion had never been served with any process whatever, and the judgment against them could only have been rendered on the hypothesis that they were sureties for David Buster, who, it seems, took a non-suit. The record shows that they were not his sureties, and the bond filed and recorded shows that they were sureties for other parties. The judgment against them was therefore a mere nullity, and an execution upon such judgment ought to be arrested, when the application is made in time—as this was. Motions now take the place of writs of *audita querela* and of writs of error, *coram nobis.*

The 67th, 68th and 69th sections of our statute concerning executions, show that applications for such purposes may be made to a judge in vacation.

The apparent injustice of allowing the officers of the court to be deprived of their fees in the case, arises from their neglect in moving the court to require sureties in the substituted or new action, or in the failure of the court, without suggestion, to require this. But, assuming that the law was known to all parties, it is impossible to censure the court.

A point is made here, that the judgment of the court was not final and therefore no appeal is allowed.

The judgment, in our opinion, was final so far as the action of that court was concerned in reference to the motion. The motion was not in regard to a proceeding in the progress of the case, but in regard to an execution on a judgment, and the decision on that motion was the end of it, as much so as if the motion had been in the form of a petition. It was a proceeding independent of the proceedings in the case.

Judgment reversed and the cause remanded. Judges Wagner, Vories, and Hough concur ; Judge Sherwood dissents.