# WAUCHOPE et al. v. McCORMICK et al.; PERKINS, Appellant.

## Division One, December 11, 1900.

1. **Appeal:** PARTITION: MOTION TO SET ASIDE SALE: SECTION 806, R. S. 1899. The purchaser of real estate at a sheriff's sale in a partition proceeding, is entitled to an appeal from an order of court setting aside the sheriff's sale, whether he was a party to the partition suit or not. Nor is his right to an appeal cut off by the statutory amendment of 1895, which changed the statute granting an appeal to "every person aggrieved," to read that "any party to a suit aggrieved," may appeal, etc. For the purpose of appeal, the proceeding to set aside the sale, is as much a suit when begun by a motion as when begun by a petition.

2. **Partition:** SETTING ASIDE SALE: COURT'S DISCRETION. The order of the court setting aside a sale in partition, upon the sheriff's report, before any other interests had intervened, will not be interfered with unless there was manifest abuse of the court's discretion.

3. ———: ———: ———: CASE STATED. Land sold for a little over half its value, infants were parties, and the court was not in session at time of sale, and a lawyer expressed the belief among the bidders that the sale would not for that reason be valid. *Held*, that it was no abuse of the court's discretion to set the sale aside, at the motion of the infants, on the return of the sheriff's report of the sale.

Appeal from Buchanan Circuit Court.—*Hon. Charles F. Strop*, Judge.

AFFIRMED.

*James M. Wilson* for appellant.

(1) In partition sales, all the parties to the proceeding, as well as the purchasers, are entitled to the protection of the

court.  Goode v. Crow, 51 Mo. 212.    (2) While the approval
of a partition sale rests largely in the discretion of the trial
court, mere inadequacy of price is not sufficient ground upon
which to set aside the sale.    17 Am. and Eng. Ency. of Law,
795.    (3) But in the case at bar the court set aside the sale
in order that the property might have the benefit of an ad-
vanced market predicted by the experts.    This was clearly
an abuse of discretion.    If the experts should continue to be
of an optimistic turn of mind, the second sale might be set
aside under this view, and so on *ad infinitum.*    (4) The
Supreme Court will review the decisions of inferior courts on
motions, although the point of law be not specifically stated
in the bill of exceptions, nor a motion for a new trial made.
2 Thompson on Trials, sec. 2716; St. Louis v. Brown, 107
Mo. 380; Bruce v. Vogel, 38 Mo. 100; Johnson v. Latta, 84
Mo. 143; Stagle v. Murdock, 65 Mo. 524; Parker v. Waugh,
34 Mo. 340.

*T. J. Porter* and *H. K. White* for respondents.

(1) The appeal taken in this case was improvidently
allowed and it should be dismissed.    Laws 1891, p. 70; Laws
1895, p. 91; R. S. 1899, sec. 806; Buller v. Linzee, 100 Mo.
95; Goode v. Lewis, 118 Mo. 361.    (2) Approval of sale
made under process of the court is a matter of discretion, and
the appellate courts will not interfere in such cases unless
abuse of discretion is shown.    Brolaski v. Putnam, 34 Mo.
459; Eidemiller v. Kump, 61 Mo. 340; Griffin v. Felt, 56
Mo. 310.    This general principle has been applied in parti-
tion cases.    Rannels v. Washington University, 96 Mo. 226;
Anderson v. Ragan, 105 Mo. 406.    This rule is especially ap-
plicable in cases where the rights of minors are involved.
Pomeroy v. Allen, 60 Mo. 530; Mitchell v. Jones, 50 Mo.

438; 17 Am. and Eng. Ency. of Law, 797.　(3) In view of the fact that many persons were present and that but few were bidding, the doubt as to the validity of the sale on account of the adjournment of both divisions of the court, justified the court in setting aside the sale, when this doubt is considered in connection with the inadequacy of the price. Hardware Co. v. Building Co., 132 Mo. 454; Goode v. Crow, 51 Mo. 212; 17 Am. and Eng. Ency. of Law, 796.

BRACE P. J.—This is an appeal by Rosa Perkins, a purchaser of real estate at a sale in partition in the above entitled cause, from an order of the circuit court of Buchanan county, in which the suit was pending, setting aside the sale at which she purchased.　Upon the report of the sale by the sheriff coming in, showing that the real estate described in the report was sold in pursuance of the order of the court on the 6th day of November, 1897, and that the said Rosa Perkins became the purchaser of a portion thereof at the price of $1,030, and had complied with the terms of the sale, the defendants in said suit filed their motion as follows:

"Come now defendants, Anna E. McCormick, Wesley McCormick and Lester McCormick, the two latter defendants appearing by H. K. White, their next friend in this suit, and ask the court to disapprove of the sale made by the sheriff of Buchanan county, Missouri, pursuant to the order of sale issued from this court at this term, so far as the same affects lots nine and ten in block sixty-two in St. Joseph Extension addition to the city of St. Joseph, Buchanan county, Missouri, for the following reasons, to-wit:

"1st.　Because the price paid for said property, to-wit, ten hundred and thirty dollars is grossly inadequate in proportion to the real value thereof.

"2d.　Because the sale was made at the time when

neither division of the circuit court was in session, division number one being adjourned for the term, division number two being adjourned for a period of several weeks, and thereby parties were deterred from bidding, fearing that the title to be made under such sale would be invalid.

"Wherefore, these defendants ask that said sale be set aside and that the property above mentioned be resold at the next term of this court, and the proceeds distributed accordingly to the orders and decrees therein made."

On the hearing of the motion it was admitted that the sale was made on Saturday, the 6th of November, 1897. That on the Tuesday before the sale Division No. 1 of said court had been adjourned to court in course, and Division No. 2 had been adjourned until the 15th of November, 1897, and there was evidence tending to prove that the property was worth from $1,750 to $2,000, at the date of the sale.

Mr. Simmons, an attorney at law, who was present at the sale testified as follows:

"I think I asked someone if the court was in session at the time of the sale, and I asked it thinking myself whether it would have any effect, and what the effect would be upon the validity of the sale. I made no expression with a view of influencing anybody else. I don't know that I expressed an opinion as to what its effect would be except in the form of a question, 'Would the sale be valid?' or something like that."

He further testified that the fact that the court was not in session had an influence upon him. It caused a doubt in his mind. "He had no certain information about it, but it caused a doubt about the validity of the sale, and he spoke about it at the time right there," that "the question as to the court being in session was in his mind before he went to the court house, and that he understood court was not in session from his general knowledge of the court;" that "he was of the

opinion that the sale should be as an execution sale and he understood that to require the session of the court;" that "he knew that it was a matter of difference of opinion among the lawyers of the St. Joseph Bar, as to whether sales under such circumstances were good, that he had heard lawyers express different opinions about it, though he did not know whether the lawyers expressing the opinions had studied the question much or not."

Another witness, Mr. Brown, engaged in the real estate business, who was one of the bidders at the sale, and bought one of the other lots, testified that the property in controversy was worth $1,700, and that he heard Mr. Simmons "make a remark at the time of the sale about the court not being in session, and that he didn't know whether the title would be good or not."

The court sustained the motion, entered judgment thereon, setting the sale aside, and renewing the original order of sale, to which action of the court the appellant excepted, and thereupon perfected her appeal.

It further appears (from the abstract of the respondent) that at the January term, 1898, of said court, a sale made under the renewed order was approved by the court over the objection of the appellant, to which action of the court no exceptions were filed or appeal taken. But we do not see that this appeal is in any way affected by these subsequent proceedings.

(1)    Counsel for respondents contend that the appeal in this case was improvidently allowed and should be dismissed. This contention is based upon the wording of section 806, Revised Statutes 1899, Laws, 1895, p. 91, by which it is provided that, *"any party to a suit aggrieved* by any judgment of any circuit court in any civil cause . . . . may take his appeal . . . . from any interlocutory judgments in actions

of partition which determine the rights of the parties, or from any final judgment in the case, or from any special order after final judgment in the cause." The argument in support of the contention is predicated on the change made in the phraseology of the section of which it is amendatory, reading as follows: *"Every person aggrieved* by any final judgment or decision of any circuit court in any civil cause .... may make his appeal." [Sec. 2246, R. S. 1889.] The change is indicated by the words italicized.

Prior to the amendment of this section, there never was any question but that an appeal would lie from a judgment of the circuit court setting aside a sale on execution, or on an order in partition, on proper motion. [City of St. Louis v. Brooks, 107 Mo. 380; Slagel v. Murdock, 65 Mo. 522; James & Ray, ex parte, 59 Mo. 280; Patton v. Hanna, 46 Mo. 314; Mers v. Bell, 45 Mo. 333; Parker v. H. & St. J. R. R. Co., 44 Mo. 415.] For the reason that the proceeding on such a motion was regarded as an independent proceeding between the parties thereto, and such a judgment thereon final. The purpose of the amendment was to extend, not to abridge the right of appeal. [Greeley v. Mo. Pac. Ry Co., 123 Mo. 157.] Yet the contention is that the Legislature by substituting the words "any party to a suit aggrieved" in the amendment for the words "every person aggrieved" in the original act, has in fact abridged instead of extended the right of appeal, and has thereby deprived appellant of that right which she would have had under the original act. Such a construction ought not to be put upon the statute, unless its terms plainly require it, and we do not think they do. It may be conceded that the order or judgment appealed from in this case is not "an order after final judgment" and further that it is not "an interlocutory judgment in partition which determines the rights of the parties" to that action. Yet it

is a final judgment in a case, growing out of that action, it is true, but independent of the issues thereof, and of the proceedings therein, in which the parties to that action, or some of them, are plaintiffs and the appellant is defendant, and in which her rights have been conclusively adjudicated. The proceeding is none the less a suit because commenced by motion than if by petition (James & Ray, ex parte, 59 Mo. 284), and the judgment thereon is a final judgment in which the appellant is "the party to the suit aggrieved" and had a right of appeal under the amended as he had under the original statute.

(2) Sales under order of the court in partition are made subject to the approval of the court. [Burden v. Taylor, 124 Mo. 12.] The approval of such sales rests largely in the discretion of the court, and its action in setting aside the sale in this case upon the coming in of the report, and before any other interests had intervened, ought not to be interfered with, unless there was manifest abuse of such discretion. [Pomeroy v. Allen, 60 Mo. 530; Goode v. Crow, 51 Mo. 212; Mitchell v. Jones, 50 Mo. 438; Rannels v. Washington University, 96 Mo. 226; Anderson v. Ragan, 105 Mo. 406; 17 Am. and Eng. Ency. of Law, 795.]

In Mitchell v. Jones, *supra,* this court refused to interfere with the discretion of the lower court in setting aside a sale in partition, because infants were concerned and the price was grossly inadequate. In Goode v. Crow, *supra,* because infants were concerned, the price was greatly inadequate, and there were rumors in the community that the land was not to be sold until the following day. And in Pomeroy v. Allen, *supra,* because infants were concerned, the land sold for $405, the evidence tending to prove that it was worth from six hundred to a thousand dollars. In the last case this court, per WAGNER, J., said: "The sale seems to have been conducted

with fairness, and there was no ground for interference in that regard.    There was no such inadequacy of price as would have justified a court in setting the sale aside under ordinary execution process . . . . But sales in partition do not stand on the same footing as sales made by the sheriff on execution. In partition sales the sheriff must report his proceeding to the court, and until there is an approval or confirmation of the same, no deed can be executed.    The approval rests mainly in the sound discretion of the court; and the sustaining of the motion in this case was equivalent to a refusal to approve or confirm the report.    As the parties were nearly all infants, whom the courts always endeavor to protect, and as it is evident that the property is worth more than it sold for, we can not say that the court exercised its discretion unsoundly." So, in the case in hand.    As some of the parties were infants, and the evidence tended to prove that the land was worth nearly twice as much as it sold for, and as the doubt expressed by a lawyer among the bidders, as to the validity of the sale on account of the circuit court not being in session, may have conduced to that result, we can not say the court exercised its discretion unsoundly in setting the sale aside in this case, and its judgment will be affirmed.

All concur.