# AMOS A. THOMAS et al. v. LAURA E. ELLIOTT et al.; SIMEON SHY, Appellant.

### Division One, December 23, 1908.

1. **PARTITION: Setting Aside Sale: Purchaser's Right to Hearing.** The purchaser at a partition sale has the right to be heard in opposition to the coparcener's motion to set the sale aside, whether he be one of them or not.

2. ————: ————: ————: **Denial.** But where such purchaser appeared at the hearing of the motion to set aside the sale, by attorney cross-examined objectors' witnesses but offered none of his own, and when the motion was sustained filed a motion to set aside the order, and on its being overruled prayed and was granted an appeal and allowed time in which to file a bill of exceptions, he was not denied a hearing.

3. ———— : ———— : ———— : ———— : **Statement of Judge.** A statement in the bill of exceptions as to what the trial court said about the purchaser at the partition sale having no right to object to an order setting the sale aside, is no part of the record, and cannot be considered on appeal. The only thing the Supreme Court can know as to the trial judge's reasons for setting aside the sale is what the record shows, which, in this case, is that after hearing the evidence the court sustained the objections and set the sale aside.

4. ———— : ———— : **Purchaser's Right to Appeal.** The purchaser at a partition sale of real estate does not have the right to appeal from the order of the court refusing to confirm the sale and ordering a resale. The sale is a judicial one, and its confirmation rests in the discretion of the court, and its refusal to confirm is an interlocutory order, from which the Act of 1891, or the statute prior thereto, gave the purchaser no right to appeal. [Overruling, on this point, Wauchope v. McCormick, 158 Mo. 660.]

Appeal from Pike Circuit Court.—*Hon. D. H. Eby,* Judge.

APPEAL DISMISSED.

*Ball & Sparrow* for appellant.

The first question presented is: Did Simeon Shy acquire such interest when the property was sold under partition proceeding as entitled him to be heard by the trial court on a motion to set aside the sheriff's report of sale? We insist that he did. Wauchope v. McCormick, 158 Mo. 660; Good v. Crow, 51 Mo. 212. Second: The Supreme Court of this State has decided time and again that it will not interfere with the findings of the circuit court in setting aside a sale where there is any evidence to sustain it, but in this case the only finding of the court against Shy is that he had no rights in the premises as a party, and, therefore, could not be heard.

*I. C. Dempsey* and *Smoot, Boyd & Smoot* for respondents.

A finding of facts by the trial court, even if incorporated in the bill of exceptions, is no part of the record. Meade v. Spaulding, 94 Mo. 47; Leauer v. McClane, 10 Mo. App. 591. Such opinion cannot be made to take the place of instructions or a finding of fact given as an instruction.

VALLIANT, P. J.—This is an appeal from an order setting aside a sheriff's sale in a partition proceeding. The appellant was the purchaser at the sale, but not otherwise a party to the suit.

There is no question as to the regularity of the proceedings in the main case; the decree of sale for partition was made, the sale was regularly advertised and at the appointed time and place the land was put up to the highest bidder and struck off to Simeon Shy, the appellant. All the parties to the partition proceeding, plaintiffs and defendants (except one of the defendants who though duly served did not appear but made default), joined in filing objections to the confirmation of the sheriff's sale. The objections were on the grounds that appellant and two others had combined before the sale not to bid against each other and to discourage other bidders and one of them to bid in the property and divide it between them, and that the price bid was inadequate, being from $30 to $35 an acre less than the value. Five of the parties to the suit were minors represented by their respective guardians or curators.

When the objections came on to be heard the purchaser appeared by attorney and cross-examined the objectors' witnesses, but introduced no evidence himself. The only evidence tending to show combination between appellant and others named was that he and one of them were seen in consultation at the court house

just before the sale, and that that one had previously expressed his desire to buy the land and said he was willing to pay $70 or $80 an acre, yet after the consultation above mentioned he bid only $40 an acre and let it go to the purchaser at $41.50 and almost immediately after the sale the three divided the land among themselves.

A witness also testified that he and his father-in-law were discussing the prospective sale after it was advertised and witness was urging his father-in-law to buy it at a price as high as $11,000, whereupon appellant being present said "he did not like to say anything about other people's land, but the creek got over it and there was some very poor land next to Bartlett's."

The land was struck off to appellant for $41.50 an acre. The evidence was to the effect that it was worth from $50 to $75 an acre. After the court made the order sustaining the objections and setting aside the sale appellant filed a motion to set aside the order and approve the sale which motion was overruled and exception saved. The record proper then shows that appellant filed his application and affidavit for an appeal, the appeal was allowed, and time given him to file his bill of exceptions which he did in the time allowed, but the affidavit does not appear in the bill of exceptions or elsewhere in the record. In the bill of exceptions is set out what the court said as the grounds on which it based the order sustaining the objections to the sale.

I. Counsel for appellant in their brief say that the only finding of the court on which its order was based was that appellant, not being a party to the partition suit, had no right to be heard. That does not appear in the record in this case. The statement in the bill of exceptions as to what the judge said on that point is of no consequence. What, in the ap-

pellant's bill of exceptions, is called findings of fact do not even conform to the requirements of section 695, Revised Statutes 1899. The only thing this court can know about it is what the record shows, which is that after hearing the evidence the court sustained the objections and set aside the sale. The whole proceeding as shown by the record contradicts the idea that the court held that the purchaser was not entitled to be heard—he was heard, he cross-examined the objectors' witnesses; he offered no evidence, but doubtless if he had done so it would have been heard. When the hearing was ended and an order made setting aside the sale, he was allowed to file a motion to set aside the order and did so and was heard on that motion; then when that was overruled his application for an appeal was allowed and time given him to file his bill of exceptions.

In his brief appellant says that the first question is, did appellant acquire such an interest in the property as entitled him to be heard on the motion to set aside the sheriff's sale? Unquestionably he had such right (Wauchope v. McCormick, 158 Mo. 660), but there is no such question in this case because that right was fully accorded him and fully availed of by him. So far as the record shows he had his full day in court.

II. But conceding that he had the right to be heard, it does not follow that he had a right to appeal from the order of the court setting aside the sale. A sale in partition is unlike an ordinary sheriff's sale under execution. It is a judicial sale; it must be reported to the court for confirmation, and until confirmed it is of no effect. [Burden v. Taylor, 124 Mo. 12.] Right of appeal is given by statute and unless the person who feels aggrieved by the action of the trial court is given the right of appeal by the statute he has no such right. The General Assembly is not com-

pelled to give such right; it may give or withhold it as in its discretion may seem best. Whilst the person who attends a judicial sale and is the highest bidder on the property offered acquires a right to have a judicial decision of his interests, yet if the peculiar character of the proceeding is such that to allow him an appeal from the judgment of the trial court would work injustice to the parties to the suit, it is within the discretion of the General Assembly to omit him from the list of those to whom an appeal is granted. A purchaser at a sheriff's sale under an ordinary execution on a final judgment does not interpose to delay the progress of the suit between parties litigant, but the order of sale of property under a proceeding in partition is interlocutory and until the sale is made and confirmed the final judgment is held in suspense. Until 1891 a party to a partition suit had no right to appeal from an order of sale, he could appeal only from the final judgment. But in 1891 the General Assembly, appreciating the injustice that might follow the execution of an improvident order of sale in such case, passed an act granting to any party to that suit the right to appeal from such an order. [Laws 1891, p. 70.] That act repealed section 2246, Revised Statutes 1889, and enacted a new section in its place which, with an amendment made in 1895, in a particular not affecting our present inquiry, is now section 806, Revised Statutes 1899. The repealed section, 2246, gave the right of appeal only from a final judgment, but gave it to "every person aggrieved," whereas the act of 1891 extended the right to certain interlocutory orders and decrees, among which were "interlocutory judgments in actions of partition which determine the rights of the parties," but gave the right of appeal only to "any party to a suit aggrieved," etc. We do not construe that act as taking away from any one the right of appeal which he had under section 2246,

Revised Statutes 1889, although the one says, "Every person aggrieved," and the other says, "Any party to a suit aggrieved;" for example, it does not take such right away from a purchaser at a sheriff's sale under an ordinary execution, because in such case there is no suit pending, the litigation is ended, and the motion to quash the execution or set aside the sale is in the nature of a new suit or legal controversy calling for a judgment on rights that have arisen since the final judgment, and it is between the person who files the motion and the purchaser at the sheriff's sale; each, as to that controversy or new suit may well be considered a "party to a suit" within the meaning of the statute. The purchaser at a sale under ordinary execution acquires a title to the property that needs no judgment of confirmation, although it is subject to be set aside if the motion to quash or to set aside the sale be sustained, but the purchaser at the sale in the partition suit acquires no title until the court has confirmed it, then his title takes effect and relates back to day of sale. When this sale was made and when the order of court setting it aside was made there had been no final judgment in the case; therefore, as the law stood before the Act of 1891 no one had a right of appeal, neither a party nor the purchaser at the sale, and if the purchaser now has it he has it by virtue of the Act of 1891. But as we have already seen, the right of appeal given by that act was given only to a party to the suit. And when we consider that the dominant purpose in the mind of the lawmaker was to confer a right of appeal that would necessarily suspend the progress of the cause in the trial court and delay the final judgment, we can well see why it should be limited to a party to the suit then pending and undetermined. The purchaser in such case acquires an incipient right which may develop into a perfect right on confirmation or may be set at naught by a refusal to confirm, but the confirmation

or refusal rests in the judgment of the trial court and no appeal from that judgment is given by statute. To allow the purchaser in such case an appeal from the refusal of the court to confirm the sale or from the order of the court setting the sale aside and ordering a resale, would, if he takes his appeal immediately and before the final judgment be rendered, result in hanging up the proceeding in partition. pending the appeal, or if he be given the right to file his bill of exceptions and wait until final judgment and then take his appeal, he embarrasses the whole proceeding and discredits the title to be acquired at the resale. The General Assembly has not given such a right; it has wisely withheld a power that could be used to cloud a title and embarrass judicial proceedings. We hold that the appellant, the purchaser at the sale in this instance, had no right of appeal from the order setting aside the sale or failing to confirm it, either at the time the order was made or at any other time. The views above expressed are in conflict with the decision on this point in Wauchope v. McCormick, 158 Mo. 660. Therefore that case on this point is overruled.

The appeal is dismissed.

All concur.