**VANN et al. v. UNION CENTRAL LIFE INS. CO. et al.**

No. 9836—Opinion Filed June 29, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Decisions Reviewable —Final Order—Overruling Motion to Vacate Judgment.**

An order of the court overruling a motion to vacate a judgment on the ground that it is void on its face is a final order, to reverse which a proceeding in error may be prosecuted in this court under the provisions of sections 5236 and 5237, Rev. Laws 1910.

2. **Same—Interlocutory Order—Vacation of Judgment.**

An order vacating a judgment for the purpose of permitting a party against whom the judgment is rendered to prosecute or defend is interlocutory, because further proceedings are necessary in the trial court. Such interlocutory order is not appealable.

3. **Same—Final Orders.**

A motion to vacate a judgment filed under the statute is an attack upon the validity of the judgment, and the order of the court, either overruling the motion or vacating the judgment on the ground that it is void on its face, is a final order and judgment involving the merits of the action to reverse which a proceeding in error may be prosecuted in this court.

4. **Judicial Sales—Objections to Confirmation—Remedy—Motion to Vacate Judgment.**

If the objections to the confirmation of a sheriff's sale are based on matters which should be insisted upon as grounds for vacating the decree of sale, then the remedy is a motion to vacate the judgment.

5. **Appeal and Error—Right of Appeal—Sheriff's Sale—Order Overruling Objections to Confirmation.**

Although the judgment may be valid, if there was fraud or irregularities in the sale and the facts to prove the same are presented to the court, and the court overrules the objections based thereon and confirms the sale, then a proceeding in error may be prosecuted from the order of confirmation.

6. **Appeal and Error—Record—Motions and Orders—Vacation of Judgment.**

A motion to vacate and set aside a judgment and the order of the court thereon are not parts of the record unless brought into the same by a bill of exceptions or case-made.

7. **Same—Objections and Exceptions to Confirmation of Sheriff's Sale.**

The objections and exceptions to the order confirming a sheriff's sale are not parts of the record proper unless brought into the same by a bill of exceptions or case-made.

8. **Appeal and Error—Record—Case-Made—Transcript—Bill of Exceptions.**

There are two ways of bringing a record to this court in support of a petition in error: (a) The party appealing may attach to his petition in error a case-made containing all the record, including evidence and statements of the exceptions without the necessity of having the exceptions reduced to writing, allowed, and signed by the trial judge; (b) or, the appealing party may attach to his petition in error a transcript of the record, and if he desires to bring to this court any part of the record other than the pleadings, the process, the return, reports, verdict, orders and judgments, as provided for in section 5146, Rev. Laws 1910, he must incorporate the same into the record by a bill of exceptions.

9. **Exceptions, Bill Of—Requisites.**

The bill of exceptions must be reduced to writing during the term of court at which the proceedings were had, unless the ruling and decision excepted to is made in vacation or at chambers, allowed and signed by the

trial judge, and filed with the pleadings as a part of the record. The bill of exceptions never becomes a part of the record until it is filed in the trial court; and unless filed in that court it cannot be incorporated into a transcript in support of the petition in error in this court.

## 10. Appeal and Error—Right of Appeal—Motions to Dismiss—Consideration.

"Experience, observation, the thoughtful consideration of the subject through many generations of men by publicists and statesmen, have produced a consensus of opinion throughout the civilized world that the final decision of grave issues should not be left to the court or judge who first hears or tries them, however learned, able, wise and impartial he may be, but that those disappointed in the first decision should be permitted to invoke the judgment of other unprejudiced minds upon the righteousness of the conclusion." Motions to dismiss appeals are not looked upon with favor, and unless it clearly appears from the appellant's statement/of his own case that the appeal is wholly without merit, or it is manifestly clear from a casual examination of the record that the only point involved is a clear and unmixed question of law, firmly and finally settled adversely to plaintiff in error by the decisions of this court, or the court is without jurisdiction, or the case is moot, a motion to dismiss will not be considered in advance of the date the case comes on regularly to be heard on its merits.

## 11. Exceptions, Bill Of—Requisites for Filing.

The statute does not require that the bill of exceptions, in order to be filed, show the endorsement of the clerk on the bill that it was actually filed. The clerk's endorsement is nothing more than evidence of filing, and if the bill of exceptions, after having been allowed and signed by the trial judge, was deposited in due time with the clerk to be preserved with the pleadings as a part of the record, it was filed within the requirements of the statute.

Error from District Court, Nowata County; W. J. Campbell, Judge.

Foreclosure of mortgage by the Union Central Life Insurance Company and others against William Vann and another. Defendants' motion to vacate default judgment and objections to confirmation of sale overruled, and they bring error. Motion to dismiss appeal overruled conditionally.

W. H. Vann, for plaintiffs in error.

C. J. Sloop, Geo. B. Schwabe, and E. J. Raymond, for defendants in error.

RAMSEY, J. On March 26, 1918, William Vann and Lovey Vann, as plaintiffs in error, filed their petition in error in this court against the defendants in error, Union Central Life Insurance Company and others, wherein they allege that a judgment by default was entered against them in favor of defendants in error on February 8, 1917, in the district court of Nowata county, foreclosing a real estate mortgage; that thereafter and on August 4, 1917, plaintiffs in error filed a motion to vacate the foreclosure judgment and gave notice to the adverse parties, as required by section 5268, Rev. Laws 1910; also that they objected to the confirmation of the sale of the land, which objection was overruled and the sale confirmed. They also claim that the trial court overruled their motion to vacate the judgment, and they come to this court with their petition in error, attaching thereto what purports to be a transcript of the record.

1. The purported transcript of the record shows that plaintiffs in error did file a motion to vacate the judgment for want of jurisdiction of the subject-matter of the action. The defendants in error have filed a motion to dismiss the appeal. In the brief of counsel for plaintiffs in error, it is insisted that the motion to vacate the judgment was filed under the authority of sections 5267 to 5274, inclusive, Rev. Laws 1910. Of course, if the court had no jurisdiction over the subject-matter of the action and that is disclosed by an inspection of the judgment roll, the judgment is void on its face and may be vacated at any time on motion. Pettis v. Johnston (decided June 1, 1920), 78 Okla. 277. An order of the court overruling a motion to vacate a judgment on the ground that it is void on its face, is a final order, to reverse which a proceeding in error may be prosecuted in this court under the provisions of sections 5236 and 5237, Rev. Laws 1910. To hold otherwise is to make the trial court the court of last resort in an attack on a judgment by a method expressly provided by statute for testing its validity. It is an order affecting a substantial right. It is not an interlocutory order. It is final. As said by Lord Alverstone, C. J., speaking for the English Court of Appeals "The test as to whether an order should be considered final or interlocutory is this: If the order finally disposes of the rights of the parties, it ought to be treated as final; if, on the other hand, further proceedings are necessitated, it ought to be treated as interlocutory." 2 Standard Proc. 166. When the court overrules the motion to vacate, that settles the matter and "no further proceedings are necessitated." While an order vacating a judgment for the purpose of permitting a party against whom the judgment is rendered to prosecute or defend is interlocutory (Moody & Co. v. Freeman & Williams, 24 Okla. 701; Maddle v. Beavers, 24 Okla. 703; Town of Byars v. Sprouls, 24 Okla. 299; Moody & Co. v. Free-

man-Sipes Co., 29 Okla. 390; Smith v. Whit-low, 31 Okla. 758), because further proceedings are necessitated in the trial court, an order overruling the motion to vacate is final, and, as it affects a substantial right, an appeal therefrom lies to this court. This court in Wesley v. Diamond, 26 Okla. 170, 109 Pac. 524, after reviewing the authorities, said "that the correct rule to be observed is that an appeal will lie to this court under the statute quoted prior to final judgment whenever the order which is made involves the merits of the action or any part thereof." A motion to vacate filed under the statute is an attack upon the validity of the judgment, and the order of the court, either overruling the motion or vacating the judgment on the ground that it is void on its face, is a final order and judgment involving the merits of the action. See Wauchope v. McCormick, 158 Mo. 660, 59 S. W. 970. The motion to vacate is a statutory substitute (although not exclusive) for a bill in equity, and no one would claim that a judgment of the court in equity, denying or granting plaintiff relief, was not appealable. Stevirmac Oil & Gas Co. v. Dittmann, 245 U. S. 210. The weight of authority holds that an appeal lies from a judgment void on its face. 2 Standard Proc. 150; Baker v. Newton, 22 Okla. 658. If the invalidity of the judgment appears from an inspection of the judgment roll, that question may be first raised in this court, although no exceptions were taken thereto in the trial court; International Harvester Co. v. Cameron, 25 Okla. 256; Cafrey v. Overholser, 8 Okla. 202; Goodwin v. Bickford, 20 Okla. 91, 129 Am. St. Rep. 729; Kellogg v. School District, 13 Okla. 285.

2. Plaintiffs in error also assign as error the court's action in overruling their objections to the confirmation of the sheriff's sale. If the objections to the confirmation are based on matters which should be insisted upon as grounds for vacating the judgment under which the sale is made, then the remedy is a motion to vacate the judgment. If there was fraud or irregularities in the sale and the facts to prove the same are presented to the court and the court overrules the objections based thereon and confirms the sale, then an appeal may be prosecuted from the order of confirmation. The assault on the order of confirmation, in order to present matters reviewable by this court, must be based on matters distinct from errors in rendering the judgment under which the sale is ordered. That an order confirming a sheriff's sale over objections and exceptions based upon matters arising subsequent to the rendition of the order of sale may be appealed from, see Morrison v. Burnett, 154 Fed. 617; Dakota Investment Co. v. Sullivan, 9 N. D. 303, 81 Am. St. Rep. 584; Wauchope v. McCirmick, 158 Mo. 660, 59 S. W. 970; State Nat. Bank v.

Neel (Ark.) 122 Am. St. Rep. 185; Hammond v. Cailleand, 111 Cal. 206, 52 Am. St. Rep. 167.

3. There is no case-made attached to the petition in error, but there is a transcript of the record duly certified to by the clerk. The motion to vacate the judgment is not a part of the judgment roll as defined by section 5146, Rev. Laws 1910. The motion to vacate and set aside the judgment and the order of the court thereon are not parts of the record unless they are brought into the same by a bill of exceptions or case-made. Devault v. Merchants' Exch. Co., 22 Okla. 624. Neither are the objections and exceptions to the order confirming the sheriff's sale any part of the record proper, and they must be made such by bill of exceptions or case-made.

4. There are two ways of bringing a record to this court on petition in error: (a) The party dissatisfied with the judgment may attach to his petition in error a case-made, as provided by the statutes. The case-made, under Section 5242, Rev. Laws, 1910, as amended by the act approved March 21, 1917, containing statements of the exceptions shall have the same effect as if the exceptions had been reduced to writing, allowed, and signed by the judge at the time they were made. Therefore, when the petition in error has attached thereto a case-made, as provided by the statutes, there is no necessity for a bill of exceptions. (b) The party appealing may attach to his petition in error a transcript of the record, and if the plaintiff in error desires to bring to this court any part of the record other than the pleadings, the process, the return, reports, verdicts, orders, and judgments, as provided for in section 5146, Rev. Laws 1910, he should incorporate the same into the record by a bill of exceptions. Sections 5026 to 5032, inclusive, indicate what may be incorporated into a bill of exceptions. Unless the decision or ruling of the court excepted to is made in vacation or at chambers, time beyond the term of the court cannot be allowed by the trial judge within which to reduce the exceptions to writing. Section 5027, Rev. Laws 1910. Section 5030, Rev. Laws 1910, provides that where the decision objected to and excepted to is not entered on the record, the party excepting must reduce his exceptions to writing and present it to the judge for allowance. Of course that section does not apply when a cause is brought to this court on a case-made, because section 5242, Rev. Laws 1910, as amended by act approved March 21, 1917, obviates the necessity of a bill of exceptions. The case-made may show the exceptions by statements therein without the exceptions being specially allowed and signed by the judge; but where the record is not brought

here on a case-made, but, on a bill of exceptions, the bill of exceptions must be reduced to writing, allowed and signed by the trial judge, "whereupon it shall be filed with the pleadings as a part of the record, and not spread at large on the journal." When the exceptions are reduced to writing, allowed and signed by the trial judge, that document becomes what is known as a "bill of exceptions" when filed as a part of the record in the case. If the decision objected to and excepted to is made at chambers or in vacation, the judge may extend the time for writing up the bill of exceptions not exceeding ten days, but in any event a bill of exceptions must be allowed, signed by the trial judge, and filed in the trial court before it can become a part of the record, and until it has been made a part of the record in the trial court it becomes no part of the transcript of the record certified to by the clerk of the trial court. The transcript of the record attached to the petition in error must affirmatively show that the bill of exceptions was filed as a part of the record in the trial court. Bruce v. Casey-Swasey Co., 13 Okla. 554; Rice v. West, 10 Okla. 1; Shumaker v. O'Brien, 19 Kan. 476; A. & N. R. R. Co. v. Wagner, 19 Kan. 335. The judgment sought to be vacated was rendered February 8, 1917. The proceedings in error were not filed in this court until March 26, 1918. There is no appeal from the order confirming the sheriff's sale unless it was assailed in the lower court on matters arising subsequent to the decree of sale, which matters must be shown by case-made or bill of exceptions, and it therefore appears that this court has no jurisdiction to entertain an appeal based on a transcript of the record, because it was not filed within the six months allowed by the statute.

5. The transcript of the record contains what purports to be a bill of exceptions, allowed and signed by the trial judge. The statute does not require that the bill of exceptions, in order to be filed, show the endorsement of the clerk on the bill that it was actually filed. The clerk's endorsement is nothing more than evidence of filing. If, however, the bill of exceptions after being allowed and signed by the trial judge was, during the term of court, deposited with the clerk to be preserved with the pleadings as a part of the record, then it was filed within the requirements of the statute. 8 Ency. Pl. & Pr. 923-927. It may be that the clerk by oversight or inadvertence failed to endorse the bill of exceptions as filed, and it may be that the clerk in making up the transcript of the record failed to show by recitation that the bill of exceptions was filed, if that be a fact. It is not the disposition of this court to deprive parties of a hearing in this court.

Motions to dismiss appeals are not looked upon with favor. One of the ablest judges in this Nation, Judge Sanborn, speaking for the United States Circuit Court of Appeals for the Eighth Circuit, in Boatmen's Bank v. Fritzlen, 135 Fed. 650, made these pertinent remarks:

"Experience, observation, the thoughtful consideration of the subject through many generations of men by publicists and statesmen, have produced a consensus of opinion throughout the civilized world that the final decision of grave issues should not be left to the court or judge who first hears or tries them, however learned, able, wise and impartial he may be, but that those disappointed in the first decision should be permitted to invoke the judgment of other unprejudiced minds upon the righteousness of the conclusion. The elaborate system of appellate courts maintained in this and other nations is a demonstration of the existence and the prevalence of this opinion.

"Every conscientious judge, every thoughtful man, upon whom is laid the grave responsibility and the heavy burden of determining the rights of his fellows, rejoices in the thought, wherever such is the case, that his decision may be reviewed, and that, if erroneous, it will not work irreparable injustice to him whom he deems it his duty to defeat."

Therefore, it is ordered that the plaintiffs in error may within 15 days from this date withdraw the record for the purpose of having it corrected under section 5243, Rev. Laws 1910, so as to show that the bill of exceptions was filed in due time with the pleadings in the trial court, if such be the fact. Plaintiffs in error will give counsel for defendants in error three days' notice of the time and place of presenting the transcript to the clerk of the trial court for his certificate showing by recitation whether or not the bill of exceptions was filed with the pleadings in this cause in the trial court during the term the motion to vacate and the objections to the confirmation of the sheriff's sale were overruled. If the bill of exceptions was delivered into the actual custody of the clerk in due time, to be kept by him among the files, the clerk may endorse on the bill of exceptions the fact of filing, and attach his certificate to that effect to the transcript. Otherwise, the appeal in this case will be dismissed.

6. It is contended by the defendants in error that the appeal is frivolous. Unless it clearly appears from the appellant's statement of his own case that the appeal is wholly without merit, or it is manifestly clear from a casual examination of the record that the only point involved is a clear and unmixed question of law firmly and finally

settled adversely to plaintiff in error, by the decisions of this court, or the court is without jurisdiction, or the case is moot, a motion to dismiss will not be considered in advance of the date the case comes on regularly to be heard on its merits in this court.

Unless the record is returned to this court within 25 days from this date, showing that the bill of exceptions was filed in the trial court, the appeal will be dismissed.

HARRISON, V. C. J., and PITCHFORD, JOHNSON, and McNEILL, JJ., concur.