SELLÉS, CASAS & Co., SUCCRS., *S. en C.,* Intervener and Appellee, *v.* SANTINI FERTILIZER Co., INC., ET AL., Defendants and Appellants.

No. 6834. Argued November 26, 1934.—Decided November 30, 1934.

*H. Torres Solá* for appellants.  *R. Buscaglia* for appellee Santini Fertilizer Co., Inc.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

In an intervention proceeding the court rendered judgment against the claimant and his sureties ordering them to pay to Santini Fertilizer Co. the sum of $3,000, value of the property claimed, interests and costs. As the claimant did not appeal the sureties considered themselves notified of the judgment and took an appeal from the judgment rendered.

The appellee, Santini Fertilizer Co., Inc. moves for the dismissal of the appeal taken in this case on the grounds that the sureties are not entitled to appeal from a judgment entered in an intervention proceeding. It is alleged that this judgment was notified to the attorney for the claimant, who has not appealed therefrom, and that the sureties, considering themselves notified, took this appeal under the

theory that the judgment entered in this case is not final as to them because notice of the said judgment was not given to them.

At the hearing of this motion before this Court the appellee discussed the doctrine established by the cases of *Arroyo* v. *Corte,* 42 P.R.R.43 and *Heirs of Andrades* v. *Sosa,* 45 P.R.R. ____, arguing that the precedents cited by us in the last case are not applicable to Puerto Rico, where we have a statutory provision which grants the right to appeal only to a party aggrieved by a judicial decision. We said, citing 2 R.C.L. 55, that the most numerous class of persons, not parties to a suit, who claim the right to appeal under the statutes as persons aggrieved are sureties on official bonds, and that the decided weight of authority sustains the right of such surety to appeal from a judgment against his principal, upon the theory that the surety, in the absence of fraud or collusion, is bound by a judgment against his principal, he is a party aggrieved. We further said that such a right to appeal arises with more force, in judgments entered in intervention proceedings as it is provided by the law that said judgments shall be rendered against the principal and his sureties, ordering them to pay the value of the property where the claimant fails to establish his right thereto.

There is no reason for this Court to modify the doctrine above mentioned. The case of *Nolan* v. *Johns,* 108 Mo. 431, 18 S.W. 1107 has served as authority for the jurisprudence to uphold the right of the sureties to appeal, and it is cited as such authority in quite a number of adjudicated cases. The court says in this case:

"The first question that confronts us on this record is whether the sureties on an injunction bond have the right to prosecute an appeal from a judgment rendered on the bond for damages against the principal alone, in a summary proceeding in the original case upon motion. The statute gave the right of appeal to 'every person aggrieved by any final judgment or decision of any circuit court in

any civil cause.' It is clear that it was not intended that the right of appeal should be limited to persons who were technically parties to the suit, and against whom the judgment was directly rendered. 'Every person aggrieved' includes every person whose rights were in any respect concluded by the judgment. The use of the designation 'person' instead of 'party,' in a chapter of the statute treating exclusively of practice and proceedings in civil cases, is itself suggestive that others than those technically parties to a suit and judgment should have the right of appeal. Furthermore, it is right and just that any person whose interests are injuriously affected and concluded by a judgment should have the right to a review by the appellate court of the proceedings which resulted in such judgment.''

It should be noted that the Missouri statute was amended later on to read ''party'' where it formerly read ''person.'' However, the court, after this amendment, still maintained the doctrine previously established. In the case of *Wauchope* v. *McCormick,* 158 Mo. 660, 59, S.W. 970, an appeal was taken by a person not a party to the suit, aggrieved by the judgment. The appellee moved for the dismissal of the appeal and the court ruled as follows:

''Counsel for respondents contend that the appeal in this case was improvidently allowed, and should be dismissed. This contention is based upon the wording of Section 806, Rev. St. 1899, by which it is provided that *'any party to a suit aggrieved* by any judgment of any circuit court in any civil cause may take his appeal.' The argument in support of the contention being predicated on the change made in the phraseology of the Section of which it is amendatory, reading as follows: *'Every person aggrieved* by any final judgment or decision of any circuit court in any civil cause may take his appeal.' The purpose of the amendment was to extend, not to abridge, the right of appeal. Yet the contention is that the legislature, by substituting the words 'any party to a suit aggrived,' in the amendment, for the words 'every person aggrieved,' in the original act, has in fact abridged, instead of extended, the right of appeal, and has thereby deprived appellant of that right, which she would have had under the original act. Such a construction ought not to be put upon the statute unless its terms plainly require it; and we do not think they do.' ''

The conclusion of the court that the purpose of the amendment was to extend, not to abridge, the right of appeal, is a question which we have not to discuss. The truth is that the Missouri court held, in spite of the amendment, that a person aggrieved by a judgment has a right to appeal, consistent with its former opinion that it is right and just that any person whose interests are injuriously affected and concluded by a judgment should have the right to a review by the appellate court of the proceedings which resulted in such judgment. The intervention proceeding is a typical example of an action where the sureties have a clear right to appeal from a final judgment entered against them in accordance with the law.