SELLÉS, CASAS & Co., SUCRS., S. EN C., tercerista y apelada, *v.* SANTINI FERTILIZER CO., INC., NICOLÁS CASAS y RAMÓN SELLÉS, demandados y apelados; ZENÓN ROLDÁN VELÁZQUEZ y JULIO MUÑOZ DIEPPA, fiadores y apelantes.

No. 6834.—*Sometido:* Noviembre 26, 1934.   *Resuelto:* Noviembre 30, 1934.

*H. Torres Solá,* abogado de los apelantes; *R. Buscaglia,* abogado de la demandada apelada, Santini Fertilizer Co., Inc.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En un procedimiento de tercería se dictó sentencia condenando a la tercerista y a sus fiadores a satisfacer a Santini Fertilizer Co. la cantidad de $3,000, valor de los bienes objeto de la tercería, intereses y costas. No habiendo apelado la tercerista, los fiadores, dándose por notificados, promovieron recurso de apelación contra la sentencia dictada.

La parte apelada, Santini Fertilizer Co. Inc., solicita la desestimación del recurso promovido en este caso por entender que los fiadores no tienen derecho a apelar de una sentencia dictada en un procedimiento de tercería. Se alega que esta sentencia fué notificada al abogado de la demandante en tercería, que no ha establecido recurso de apelación, y que los fiadores, dándose por notificados, han promovido el presente recurso bajo la teoría de que la sentencia dictada en el caso no es firme en cuanto a ellos por no haber sido notificados de dicha sentencia.

Durante la vista de esta moción ante este Tribunal, la parte apelada discutió la doctrina sentada en los casos de *Arroyo v. Corte,* 42 D.P.R. 44, y *Sucn. Andrades v. Sosa,* 45 D.P.R. 732, arguyendo que la jurisprudencia citada por nosotros en el último de dichos casos no es aplicable a Puerto

Rico, donde tenemos una disposición que únicamente concede derecho de apelar a una parte agraviada por una resolución judicial. Dijimos, citando el tomo 2 de Ruling Case Law, página 55, que la clase más numerosa de personas que no son partes en un pleito y que reclaman el derecho de apelar de acuerdo con los estatutos como personas agraviadas son los fiadores en fianzas oficiales y que la mayoría de las autoridades sostiene el derecho de esas personas para apelar, como tales fiadores, de una sentencia contra su principal por la teoría de que dichos fiadores, en ausencia de fraude o colusión, están obligados por un fallo contra su principal y son partes agraviadas. Añadimos que este derecho de apelación surge aun más claro en las sentencias de tercería donde la ley dispone que se condene al principal obligado en la fianza y también a sus fiadores a pagar el valor de la propiedad mueble reclamada por el tercerista, cuando éste ha dejado de probar su reclamación.

No hay razón alguna para que esta corte modifique la doctrina anteriormente citada. *Nolan* v. *Johns,* 108 Mo. 431, 18 S. W. 1107, es un caso que ha servido de base a la jurisprudencia para sostener los derechos de los fiadores a promover recurso de apelación y puede encontrarse citado como autoridad en un buen número de decisiones. ''El primer punto que se ofrece a nuestra observación,'' dice la corte en este caso, ''es si los fiadores en una fianza de *injunction* tienen derecho a apelar de una sentencia rendida en la fianza por daños y perjuicios contra el principal solamente y en un procedimiento sumario en el caso original a virtud de moción. El estatuto concede el derecho de apelar a 'toda persona agraviada por una sentencia final o decisión de cualquier corte de circuito en una causa civil.' Es claro que no se intentó que el derecho de apelar se limitase a personas que fuesen técnicamente partes en la acción y contra quienes se dictó sentencia directamente. 'Toda persona agraviada' incluye toda persona cuyos derechos fueron en cualquier respecto decididos por la sentencia. El uso de

la designación 'persona' en vez de 'parte' en un capítulo del estatuto que trata exclusivamente de práctica y procedimientos en casos civiles, es por sí mismo indicativo de que otras personas además de aquellas que sean técnicamente partes en la acción y sentencia deben tener el derecho de apelar. Además, es justo y equitativo que cualquier persona cuyos intereses son afectados y decididos por la sentencia tenga derecho a que se revisen por una corte de apelación todos los procedimientos que culminaron en dicha sentencia.''

Es de notarse que el estatuto de Missouri sufrió más tarde una enmienda que eliminó la palabra ''persona'' sustituyéndola por la palabra ''parte.'' La corte, sin embargo, después de esta enmienda, siguió sosteniendo el criterio anteriormente adoptado. En el caso de *Wauchope* v. *McCormick*, 158 Mo. 660, 59 S. W. 970, se promovió la apelación por una persona afectada por la sentencia que no aparecía como parte en la acción. Solicitada la desestimación del recurso, la corte se expresó así:

''El abogado del apelado alega que la apelación en este caso fué impropiamente permitida y que debe ser desestimada. Esta alegación se basa en el texto de la sección 806 de los Estatutos Revisados que dispone que *'any party to a suit aggrieved by any judgment* dictada por una corte de circuito en cualquier causa civil puede entablar apelación.' Basa su argumentación la parte apelada en el cambio hecho en la misma sección, que anteriormente decía: '*Every person aggrieved by any final judgment* o decisión de cualquier corte de circuito en cualquier acción civil puede establecer apelación.' . . . El propósito de la enmienda fué extender, no restringir, el derecho de apelación. Sin embargo, se alega que la Legislatura al adoptar la enmienda sustituyendo las palabras 'toda persona agraviada' por las palabras 'cualquier parte agraviada en una acción' ha restringido prácticamente, en vez de extender, el derecho de apelación y ha privado a la apelante de este derecho, que ella hubiera tenido bajo la ley original. No debe darse tal interpretación al estatuto a menos que sus términos así lo requieran claramente y nosotros no creemos que lo requieran.''

La conclusión de la corte de que la| enmienda amplió más bien que limitó el derecho de apelación es cuestión que no nos toca a nosotros discutir. La verdad es que el tribunal de Missouri, a pesar de la enmienda, resolvió que una persona afectada por una sentencia tiene derecho a apelar, consecuente con su criterio anteriormente mantenido de que es justo y equitativo que cualquier persona cuyos intereses son afectados y decididos por la sentencia tenga derecho a que se revisen por una corte de apelación todos los procedimientos que culminaron en dicha sentencia. La tercería ofrece un ejemplo típico de un derecho claro de apelación a favor de los fiadores, contra los cuales se dicta sentencia (final) por mandato de la ley.

*Debe declararse sin lugar la moción de desestimación presentada por la parte apelada.*