Victorio Arroyo, peticionario y apelante, *v.* La Corte Municipal de Arecibo, Hon. Puro Girau, Juez, demandada y apelada.

No. 5490.—*Sometido:* Marzo 20, 1931. *Resuelto:* Marzo 27, 1931.

*Luis Mercader,* abogado del apelante; *José R. Aponte,* abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Victorio Arroyo inició en la Corte Municipal de Arecibo un pleito en cobro de pesos y para asegurar la efectividad de la sentencia que pudiera dictarse embargó cincuenta sacos de arroz. The American Colonial Bank of Porto Rico reclamó en tercería la propiedad del arroz embargado y, mediante fianza que prestaron Antonio Márquez y Amelio Cortés, le fué el arroz entregado. Tanto el pleito en cobro de pesos como la tercería se fallaron en favor de Arroyo. Por la sentencia en la tercería se condenó solidariamente al tercerista y a sus fiadores a pagar a Arroyo la suma reclamada, intereses y costas.

La sentencia en el caso de tercería fué notificada al tercerista y al fiador Cortés. El tercerista apeló de ella para

ante la corte de distrito. Nada hizo el fiador. Y así las cosas, Arroyo pidió a la corte municipal que ordenara la ejecución de la sentencia contra el fiador Cortés y como se negara, inició contra ella este procedimiento de *mandamus* en la corte de distrito.

Presentada la solicitud, la corte libró una orden para que la demandada compareciera y mostrara las causas que tuviera, si las tenía, para que el auto solicitado no se expidiera.

En el día señalado comparecieron las partes. La corte municipal pidió que la solicitud fuera desestimada. Ambas partes tuvieron oportunidad de exponer su caso con toda amplitud y, finalmente, la corte de distrito, exponiendo sus razones en una cuidadosa opinión, declaró no haber lugar a expedir el auto solicitado. No conforme Arroyo, apeló, señalando en su alegato la comisión de siete errores, la mayor parte de ellos impugnando los razonamientos del juez expuestos en su opinión.

A nuestro juicio, bajo cualquier aspecto que el caso se considere, debe confirmarse la sentencia recurrida.

En primer lugar, dadas las circunstancias concurrentes, esto es habiendo surgido una verdadera cuestión legal a resolver a virtud de hallarse pendiente la apelación interpuesta por el tercerista contra la sentencia cuya ejecución se pedía, el auto de mandamus no es el remedio adecuado como lo hubiera sido en el caso de una negativa a librar una orden de ejecución de una sentencia claramente firme.

Y en segundo lugar, yendo al fondo de la cuestión, estamos enteramente conformes con la corte sentenciadora en que interpuesta la apelación por el tercerista, la verdadera parte en el pleito, la sentencia no puede ejecutarse contra el fiador. Este sigue la suerte de la persona a quien fiara.

El que se trate de un fiador solidario, no importa. Si a virtud de la apelación, en el nuevo juicio que se celebre en la corte de distrito, dicho tribunal se convence de que la razón asiste al tercerista y no a Arroyo la sentencia

sería revocada, y si la obligación del principal desaparece, ¿cómo habría de subsistir la de su fiador? En casos de esta naturaleza, la integridad, que es una de las cualidades de casi todas las sentencias, es completa. A los fiadores no se les hace partes en el pleito. Ellos responden de la solvencia de la parte que fiaran para cumplir la obligación que se impuso. Es la parte fiada la que actúa y ataca o se defiende. Si gana, nada tiene que hacer el fiador; si pierde, el fiador responde, pudiendo hacerse efectiva contra él la obligación sin necesidad de recurrir primero contra el deudor principal cuando la fianza, como en este caso, es solidaria. Pero cuando el deudor pierde en la primera instancia y, de acuerdo con la ley, sigue gestionando en la segunda, aunque nada haga el fiador directamente, a pesar de haberse dictado contra él la sentencia también de acuerdo con la ley, no se puede exigir que cumpla su responsabilidad mientras pende la apelación. La sentencia que le impuso esa responsabilidad dejó de ser ejecutoria a virtud de dicha apelación interpuesta por la verdadera parte en el pleito. Esto es evidente.

*Debe confirmarse la resolución recurrida.*