Ortiz Carrión, Juez Ponente
*683 TEXTO COMPLETO DE LA RESOLUCION
El señor José R. Rosa Massanet y otros instaron acción en daños y perjuicios contra la Autoridad de Energía Eléctrica, la Puerto Rico Telephone Company y sus respectivas compañías aseguradoras, por hechos ocurridos el 30 de agosto de 1989 cuando el señor Rosa Massanet sufrió daños a consecuencia de una descarga eléctrica.
El 23 de enero de 1996, el Tribunal de Primera Instancia, Sala Superior de Bayamón, emitió un dictamen al que tituló "Sentencia”, en el cual decretó que los demandados fueron parcialmente responsables por los daños sufridos por los demandantes, imputándole al señor Rosa Massanet un cuarenta por ciento de responsabilidad. El tribunal a quo ordenó expresamente el archivo del dictamen, "por no ser necesario hasta la disposición final de la controversia restante la valorización de los daños"; y ordenó que se registrara y notificara. Sin embargo, no dispuso sobre las demandas contra co-parte que la Autoridad de Energía Eléctrica y la Puerto Rico Telephone Company incoaron.
Posteriormente, la Autoridad de Energía Eléctrica presentó una moción solicitando determinaciones de hechos y conclusiones de derecho adicionales; y la Puerto Rico Telephone Company presentó otra moción al amparo de la Regla 43.3 de las de Procedimiento Civil sobre determinaciones adicionales. El 20 de febrero de 1996 la parte demandante, presentó una solicitud de reconsideración en la cual planteó que las determinaciones de hecho emitidas por el tribunal eran incompatibles con su conclusión imputándole negligencia comparada, y solicitó que reconsiderara y concluyera que el accidente se debió a la negligencia exclusiva de las demandadas Autoridad de Energía Eléctrica y Puerto Rico Telephone Company. El 28 de febrero de 1996, el tribunal a quo declaró no ha lugar dicha solicitud de reconsideración.
Ese mismo día el tribunal a quo declaró "No Ha Lugar en esta etapa" a la moción solicitando determinaciones de hechos y conclusiones de derecho adicionales presentada por la Autoridad de Energía Eléctrica.
El 6 de marzo de 1996, el señor Rosa Massanet y los demás demandantes presentaron un recurso de certiorari ante este Tribunal, en el cual señalan que el tribunal a quo erró: "[al] determinar que el co-demandante José R. Rosa Massanet incurrió en negligencia comparada en un 40% al tratar de desencajar un cable telefónico atorado en la parte superior izquierda de la caja de carga del camión que manejaba, ya que este acto de por sí no tenía elementos constitutivos de negligencia, según lo reconoce el mismo Honorable Tribunal en sus determinaciones de hecho y de derecho".
Luego de examinar el trámite procesal del caso, y los escritos presentados por las partes, este Tribunal considera apropiado denegar el auto solicitado.
I
Contrario a lo planteado por la recurrida Puerto Rico Telephone Company, este Tribunal tiene jurisdicción para revisar el dictamen emitido por el Tribunal de Primera Instancia en el caso del título. El recurso apropiado para su revisión es el que efectivamente se presentó, el de certiorari. Artículo 4.002 de la Ley de la Judicatura de Puerto Rico de 1994; Reglas 18-20 de las del Reglamento del Tribunal de Circuito de Apelaciones. Veamos.
Del trámite antes expuesto surge que el dictamen emitido fue una resolución de carácter interlocutorio, no una sentencia. El Tribunal de Primera Instancia bifurcó los elementos básicos de la reclamación entablada por los aquí peticionarios, a decir, responsabilidad y daños. Al disponer del aspecto de responsabilidad no resolvió finalmente la cuestión litigiosa, de la cual puede apelarse o solicitarse revisión. Regla 43.1 de las de Procedimiento Civil. Mientras no se resuelva la totalidad de la reclamación, la sentencia no puede ser final, por no ser aún ejecutable. Cortés Román v. E.L.A., 106 D.P.R. 504, 511 (1977).
Al igual que en Díaz v. Navieras de P.R., 118 D.P.R. 297 (1987), aparentemente el tribunal recurrido intentó equiparar el trámite con el autorizado en la Regla 43.5 de las de Procedimiento Civil. Sin embargo, aún cuando estamos ante un caso de partes y reclamaciones múltiples, el dictamen emitido no dispuso de la totalidad *684 de ninguna de las reclamaciones de las partes. El tribunal a quo sólo resolvió una controversia de una de las reclamaciones: que el señor Rosa Massanet había incurrido en un cuarenta porciento (40%) de responsabilidad y que las demandadas responderían en un sesenta porciento (60%) de responsabilidad. No determinó los grados de la negligencia entre las co-demandadas ni dispuso del remedio en daños ni de las reclamaciones contra co-parte.
Por consiguiente, la Regla 43.5 de las de Procedimiento Civil no es aplicable a la situación presente en el caso de autos. El hecho de que el tribunal a quo ordenara expresamente el archivo de la sentencia y expresamente concluyera que no era necesario esperar hasta la disposición final de la controversia restante no convirtió esta determinación interlocutoria en una sentencia final. Camaleglo v. Dorado Wings, Inc., 118 D.P.R. 20 (1986). El simple transcurso del tiempo no le confiere, ni finalidad, ni firmeza a una resolución interlocutoria. Díaz v. Navieras de P.R., supra.
A tenor con el Artículo 4.002(c) de la Ley de la Judicatura de 1994, las resoluciones o providencias judiciales de naturaleza interlocutoria son revisables por este Tribunal mediante la presentación oportuna del auto discrecional de certiorari. Por lo tanto, el recurso presentado ante este Tribunal para revisar el dictamen en controversia fue el apropiado.
Ahora bien, la Regla 11 de las del Reglamento de este Tribunal enumera ciertos criterios para determinar si debe expedirse un auto discrecional. Uno de esos criterios consiste en determinar si la etapa en que se presenta el caso es la más propicia para su consideración. Otro de esos criterios requiere determinar si la expedición del auto solicitado causa un fraccionamiento indebido del pleito y dilación indeseable en la solución final del litigio.
En el caso de autos, luego de considerar estos criterios este Tribunal considera apropiado denegar el auto solicitado. La etapa de los procedimientos en que éste se presenta no es la más propicia para la consideración del recurso, por lo que la expedición del auto solicitado podría propiciar el fraccionamiento indebido de los procedimientos, y causar una dilación indeseable de los mismos.
El caso de autos trata sobre una reclamación por daños y perjuicios en la que el tribunal a quo sólo resolvió el aspecto de la responsabilidad, dejando para adjudicar después el remedio o la cuantía de los daños. De esta forma, podría darse el caso de que no se demostrara la existencia de daños reales, o que los peticionarios no tengan reparo a la compensación que conceda el tribunal a quo. Cortés Román v. E.L.A., supra. Véase además, Dalmau v. Quiñones, 78 D.P.R. 551 (1955). Esto convierte nuestra intervención en prematura y contraria al principio de economía procesal.
Por otro lado, nuestra intervención en estos momentos con esa resolución interlocutoria que no es final trastocaría la buena marcha de los procedimientos en perjuicio de la mejor administración de la justicia. Debe considerarse que el tribunal a quo tiene poder para corregir sus providencias interlocutorias siempre que las mismas sean erróneas y no haya perdido jurisdicción. "El tribunal de instancia no está irremisiblemente obligado a mantener [la resolución interlocutoria emitida] incólume...debe resistirse a alterarla, excepto que quede firmemente convencido que se equivocó." Sociedad Legal de Gananciales v. Pauneto Rivera, 92 J.T.S. 78; Camaleglo v. Dorado Wings, Inc., supra, pág. 27; Builders Ins. Co. v. Tribunal Superior, 100 D.P.R. 401 (1972); Torres Cruz v. Municipio de San Juan, 103 D.P.R. 271 (1975). Véase además, H. Sánchez Martínez, La reconsideración de resoluciones u órdenes interlocutorias y de sentencias finales, 25 Rev. Jur. U.I.A. 36 (1981). 
Está claramente establecido que la denegación de un auto de certiorari para revisar una resolución interlocutoria, no tiene el efecto de cosa juzgada; la denegatoria del auto no perjudica los méritos de los señalamientos, ni tiene el efecto de impartirle finalidad, ni convertir en obligatoria la resolución para el tribunal a quo. Sociedad Legal de Gananciales v. Pauneto Rivera, supra; Camaleglo v. Dorado Wings, Inc., supra; Sucn. Andrades v. Sosa, 45 D.P.R. 732, 738 (1933).
n
Por los fundamentos antes expuestos, se deniega la expedición del recurso de certiorari.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
*685 Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 96 DTA 167
1. La notificación de la sentencia se archivó en autos el 5 de febrero de 1996.
2. La fecha de presentación de ambas mociones no surge de los documentos presentados como apéndice al recurso ante la consideración de este Tribunal.
3. La recurrida Puerto Rico Telephone Company, en una confusa argumentación, plantea que este Tribunal carece de jurisdicción, por no tratarse de una resolución interlocutoria sino de una "verdadera sentencia", que no es ni revisable por medio del recurso de certiorari ni del de apelación. No le asiste la razón. Sobre el particular, véase pág. 2 del "Escrito Mostrando Causa" presentado el 26 de abril de 1996.
4. La Regla 43.5 de las de Procedimiento Civil trata sobre reclamaciones o partes múltiples. Esta regla establece que el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes, sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que se ordene expresamente que se registre la sentencia.
5. A tenor con la Regla 38.2 de las de Procedimiento Civil el tribunal, en el ejercicio de su discreción, puede ordenar un juicio por separado de cualquier cuestión litigiosa independiente. En los casos de daños y perjuicios, la adjudicación separada de la responsabilidad y los daños es apropiada si la prueba necesaria para ambas controversias es distinta. Vellón v. Squibb Mfg., Inc., 117 D.P.R. 838 (1986).
6. Advertimos, que del trámite expuesto surge que las co-demandadas Autoridad de Energía Eléctrica y Puerto Rico Telephone Company presentaron solicitudes al amparo de la Regla 43.3 de las de Procedimiento Civil. Considerado el estado de los procedimientos éstas resultan prematuras y así lo reconoce el propio tribunal a quo al disponer de una de ellas con un no ha lugar "en esta etapa".
Una vez el tribunal a quo dicte sentencia, las partes tienen los mecanismos provistos por las Reglas 43.3 y 47 de las de Procedimiento Civil para que el tribunal enmiende o adicione determinaciones de hechos o reconsidere la sentencia. Asimismo, las partes, tendrían el recurso de apelación ante este Tribunal.